SIZER TIMBER COMPANY v. DURRENCE.

Under conflicting evidence the judge did not abuse his discretion in refusing an injunction.
OCTOBER 13, 1915.

Petition for injunction.   Before Judge Sheppard.   Tattnall superior court.   May 20, 1915.

*E. C. Collins* and *Hines & Jordan,* for plaintiff.

*Way & Burkhalter,* for defendant.

EVANS, P. J.   The action is to restrain the cutting of timber. The plaintiffs claimed the timber as being located on land em-

braced in a deed from the defendant's father. The defendant claimed title to that part of the land on which the timber alleged to have been felled was located, by virtue of a parol gift from his father, antecedent to the plaintiffs' deed; and submitted evidence tending to show that his father, in pursuance of the gift, placed him in possession of the land; that he had built a house thereon and was cultivating a few acres of the land when the plaintiffs purchased from his father; and that after his father's death, in a suit against his administrators, a decree of specific performance was rendered, a certified copy of which was introduced in evidence. The plaintiffs submitted evidence tending to show that they bought without actual notice of the defendant's rights; and that the defendant had notice that they were buying the land now claimed by him as being embraced in his father's deed, and did not disclose his adverse claim. The defendant further offered evidence tending to show that the plaintiffs had actual notice of the location of his land, as not being in the tract purchased from his father. There was no charge or evidence of insolvency of the defendant. Taking the evidence as a whole, it did not demand a finding that the plaintiffs were purchasers without notice, or that the defendant was estopped from setting up his adverse title; and the court did not abuse its discretion in refusing an injunction.

*Judgment affirmed. All the Justices concur.*